2010 BNH 001
_____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re:                                                                                              Bk. No. 08-11254-MWV
                                                                                                    Chapter 7
Lajos J. Zsofka,
        Debtor

Steven M. Notinger,
Chapter 7 Trustee,
        Plaintiff

v.                                                                                                  Adv. No. 09-1028-MWV

Matthew Zsofka,
        Defendant

*Marc W. McDonald, Esq.*
KAZAN, SHAUGHNESSY, KASTEN & MCDONALD
*Attorney for Steven M. Notinger*

*William S. Gannon, Esq.*
WILLIAM S. GANNON PLLC
*Attorney for Matthew Zsofka*


**MEMORANDUM OPINION**

      Steven M. Notinger, the Chapter 7 trustee (the "Plaintiff"), brought a complaint (Ct. Doc. No. 1) pursuant to 11 U.S.C. §§ 542, 543, and 105 of the Bankruptcy Code,[1] in which he seeks to recover fifty-percent of net proceeds owed to the Lajos J. Zsofka (the "Debtor") that was generated by rental income collected on three condominium units. Matthew Zsofka (the "Defendant") brings a counterclaim against the Plaintiff for fifty-percent of certain escrowed funds. On January 14, 2010, the Court held a trial on the matter and took it under advisement

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. § 101 et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8.

## JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## BACKGROUND

The Defendant and Debtor are brothers. At some time prior to 2001, the Defendant and the Debtor formed a now dissolved general partnership called ZLM Realty (the "partnership"). The partnership owns three condominiums: two in Derry, New Hampshire (the "Derry Units"), and one in Milford, New Hampshire (the "Milford Unit"). By Spring 2001, the relationship between the Defendant and Debtor deteriorated to the point where they were no longer on speaking terms. In order to continue to manage the partnership assets, the Defendant and the Debtor entered into an agreement on June 5, 2001 (the "Agreement"), whereby the Defendant would continue to manage the condominium units and collect rent therefrom. Further, the Agreement stipulated that as of January 1, 2001: (1) the Defendant would be paid a yearly management fee in an amount equal to one month's rent from each condominium unit, (2) the Defendant would receive the first $50,000 of the net proceeds of rent collected from the condominium units, and (3) the remaining net proceeds would be divided equally between the Defendant and the Debtor.

On May 8, 2008, the Debtor filed for Chapter 7 bankruptcy. The Plaintiff, as Chapter 7 trustee, claims that the Defendant has collected all of the rent generated by the condominium units since the Agreement was entered into, but has failed to pay the Debtor his fifty-percent share. The Defendant counters by claiming that he has not been able to collect the $50,000 owed to him under the Agreement, and thus had no funds remaining to pay the Debtor. At some point during the partnership's existence, the partnership entered into a real estate transaction which generated $25,000 for the partnership referred to by the parties as the "Michaels Money." The Defendant and Debtor disagreed as to who was entitled to the

money, so it was given to Attorney Gregory Michaels to hold in escrow pending disposition of the parties' rights to the money. The Plaintiff now brings an action under 11 U.S.C. §§ 542, 543, and 105 to recover the Debtor's fifty-percent share of past, current, and future rental proceeds. The Defendant brings a counterclaim action seeking his fifty-percent share of the Michaels Money.

## DISCUSSION

The parties agree that the Plaintiff is entitled to fifty-percent of the rental income, less the management fee. However, the parties are in contention as to whether the Plaintiff is entitled to fifty-percent of the gross rental income, less the management fee, or fifty percent of the net rental income, less the management fee. Additionally, while the parties agree to the inclusion of the management fee, they disagree as to the inclusion of legal fees in the expenses realized from the rental of the condominium units. The Agreement entered into between the Defendant and the Debtor provides that "net proceeds shall be divided equally between [the Defendant and the Debtor]." Ex. 9. Accordingly, the Court finds that the Plaintiff is entitled to fifty-percent of the net rental income, less the management fee.

During the trial, the Defendant provided a list of income and expenses that he prepared relating to the Derry Units and the Milford Units for the period beginning 2001 and ending on September 29, 2009. Ex. 102 and 103. The Defendant calculated gross rental income for the Derry Units to equal $266,850.51 and $130,148.66 for the Milford Unit from the time the Agreement was signed until September 29, 2009. The Plaintiff concedes that the statute of limitations has run on a portion of his claim relating to rents collected from the time the Agreement was signed until the present. As such, the Plaintiff contends that the Court should consider income and expenses for following time periods (the "claim period"): (1) May 9, 2005 through September 1, 2009 for one of the Derry Units; (2) June 6, 2005 through September 1, 2009 for the other Derry Unit; and (3) May 21, 2005 through September 1, 2009. For the claim period, total gross income collected on the condominium units equals $224,411.57; that is, $144,950 for the Derry Units and $79,461.56 for the Milford Unit. Ex. 9. The Defendant has included legal fees of $47,345.75 for the Derry Units and $16,304.69 for the Milford Unit among the list of expenses attributed to the rental of the

condominium units.  At the trial, the Defendant admitted that the legal fees related to suits brought against the Defendant personally and not the partnership.  While the Defendant claims that his only assets were the condominium units, and the legal fees were necessary to protect the condominium units, $63,650.44 in legal fees is outrageous.  As a result, the Court will not consider the legal fees in calculation of expenses.  The Defendant also includes total expenses of $27,417.25 for mortgage payments on the Milford Unit, but the Defendant testified that the mortgage had been paid off and no mortgage payments have been made since April 2007.

After subtracting legal fees and based on the Defendant's itemized accounting of expenses, the Court calculates the total expenses incurred during the claim period as follows:

Derry Units

| | |
|---|---:|
| Condo Fees: Unit 116 | $ 14,085.00 |
| Condo Fees: Unit 79 | 14,085.00 |
| Accounting | 2,400.00 |
| Advertising | 790.42 |
| Bank Charges | 395.59 |
| Cleaning | 250.00 |
| Credit Bureau | 331.95 |
| Interest | 38.00 |
| Land Lease | 19,856.02 |
| Management Fee | 15,900.00 |
| Real Estate Taxes | 22,292.19 |
| Repairs | 4,855.85 |
| Supplies | 456.00 |
| Utilities | 48.65 |
| **Total Expenses** | **$ 95,784.67** |

Milford Unit

| | |
|---|---:|
| Mortgage Payments | $ 21,370.26 |
| Condo Fees | 11,120.10 |
| Accounting | 2,500.00 |
| Management Fee | 7,435.00 |
| Real Estate Taxes | 10,385.60 |
| Repairs | 278.44 |
| **Total Expenses** | **$ 53,089.40** |

Using the above calculations, the net income for the condominium units totals $75,537.50.  Based on the Defendant's exhibits, he has collected $39,845.79 of the initial $50,000 of the net proceeds per the Agreement.  Therefore, of the $75,537.50 net rental income, the Defendant is entitled to $10,154.21 in accordance with the Agreement.  The Court finds that the estate is owed $32,691.65 plus interest accrued, which is half of the remaining $65,383.29.  The Defendant is ordered to turnover $32,691.65 plus interest

accrued to the estate. The parties both request fifty-percent of the Michaels Money. The Court authorizes and order Attorney Michaels to turnover $25,000 plus any interest accrued to the estate. The trustee is authorized to retain all of the Michaels Money, and credit the Defendant against the $32,691.65 plus interest owed.[2]

## CONCLUSION

For the reasons set out herein, (1) the Defendant is ordered to turnover $32,691.65 plus interest accrued to the estate of the Debtor, (2) Attorney Michaels is authorized an ordered to turnover the Michaels Money plus any interest accrued to the estate, and (3) the trustee is authorized to retain all of the Michaels Money, and credit the Defendant against the $32,691.65 plus interest owed. This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate final judgment consistent with this opinion.

DATED this 25th day of January, 2010, at Manchester, New Hampshire.

/s/ Mark W. Vaughn
Mark W. Vaughn
Chief Judge

---

[2] The parties agreed that the Defendant had set-off rights if the Court determined he was entitled to any amount in the action.